UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


EDWIN RIVERA,
    *Plaintiff*,                                                               No. 3:18-cv-01205 (JAM)

    v.

TIERNAN and NORTH,
    *Defendants*.

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

      Plaintiff Edwin Rivera, is a prisoner in the custody of the Federal Bureau of Prisons at Federal Correctional Institution (FCI) Allenwood Low. He has filed a complaint *pro se* and *in forma pauperis* against two federal prison officials for the use of excessive force and deliberate indifference to serious medical needs. Based upon the Court's initial review, the Court concludes that Rivera's claims may proceed and that the complaint should be served on defendants.

## BACKGROUND

      Rivera brings this action based on events that took place while he was imprisoned at FCI Danbury. Rivera alleges that on August 5, 2016, defendants SIS Technician J. Tiernan and Lieutenant North escorted him to the work gate. Doc. #1 at 4.[1] Tiernan was located at his side, and North was behind him. *Ibid.* Rivera dropped some mailing labels, headphones, and an MP3 player and then tried to pick the items up, at which point Tiernan allegedly "proceeded to take [Rivera] to the ground." *Ibid.* While Rivera lay face-down on the ground, Tiernan put Rivera's

---

[1] The caption of the complaint spells the name of the defendant as "Tiernan" while the body of the complaint refers to the name "Tiernen." This ruling will use the spelling of the name that appears in the caption of the complaint.

left arm behind his back and put his knee on Rivera's back. *Ibid.* Rivera felt an impact on the right side of his face while he lay on the ground, and he believes that "the impact came from Tiernan punching [him] in the face." *Ibid.* Rivera further alleges that although he communicated that he could not breathe, Tiernan began to choke him with his right hand. *Ibid.* Rivera turned his head to the left to avoid being choked. *Ibid.*

Rivera claims that he heard an unidentified correctional officer ask an unidentified listener to "let me take his watch off his arm because it's [the arm] turning blue." *Ibid.* Rivera further alleges that he was kicked in the back, at or around his ribs, slammed onto the ground, and punched repeatedly on the right side of his jaw by unknown persons. *Ibid.* Rivera additionally claims that at an unspecified time following the events at issue, unidentified officers stated that they believed Rivera had swallowed something. *Id.* at 5. But Rivera denies having swallowed anything, *ibid.*, and further alleges that during the events in question no officer instructed him to spit anything out, *id.* at 4. He claims that x-ray results from an examination that followed the event show that he had not swallowed anything. *Id*. at 5.

Rivera alleges that the correctional officers who were present during the events at issue were aware that five days before he had undergone surgery related to cancer treatment on his left arm and upper chest. *Ibid.* As a result of the correctional officers' actions, he suffered injuries including a swollen jaw, bruising under his left arm, and swelling on the left side of his ribs. *Id.* at 4.

The caption of the complaint names Tiernan and North as defendants.[2] Rivera seeks $25

---

[2] The Federal Rules of Civil Procedure require that the names of all defendants must be identified in the title caption of a complaint. FED. R. CIV. P. 10(a). It is not sufficient for a complaint to identify a person or entity as a defendant in the body of the complaint if the person or entity is not also formally named as a defendant in the case caption. Notwithstanding Rivera's reference to multiple persons and entities other than Tiernan and North in the body of the complaint, the case caption names only Tiernan and North as defendants. If Rivera wishes to proceed against

2

million in compensatory damages and punitive damages.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Excessive force*

Rivera brings this action against the federal officer defendants in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized an implied right of action for damages

---

persons or entities other than Tiernan and North, he may file an amended complaint within 30 days that properly names such persons or entities in the title case caption.

3

against federal officers who have violated a person's constitutional rights. *See McGowan v. United States*, 825 F.3d 118, 123 (2d Cir. 2016) (*per curiam*).

The Eighth Amendment prohibits the use of excessive force against a prison inmate. "Although not every malevolent touch by a prison guard gives rise to a federal cause of action, inmates have the right to be free from the unnecessary and wanton infliction of pain at the hands of prison officials." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (internal quotations and citations omitted). In order to state an Eighth Amendment claim for the use of excessive force, an inmate must allege a sufficiently serious use of force that has been inflicted for malicious or sadistic reasons rather than in a good faith effort to maintain or restore discipline. *Ibid.*; *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016). The Court assumes for present purposes (and without prejudice to defendants' right to contest the issue at a later time) that *Bivens* liability extends to an Eighth Amendment claim for the use of excessive force. *See Ziglar v. Abbasi,* 137 S. Ct. 1843, 1860 (2017); *Akande v. Philips*, 2018 WL 3425009, at *9 (W.D.N.Y. 2018).

Rivera alleges facts suggesting that Tiernan attacked and injured him without any legitimate justification and that North is potentially liable because he could have intervened to prevent the attack. *See Figueroa v. Mazza*, 825 F.3d 89, 106 (2d Cir. 2016) (noting that an "officer is under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for his failure to do so if he observes the use of force and has sufficient time to act to prevent it"). These allegations are sufficient to allow Rivera's *Bivens* claim for the use of excessive force in violation of the Eighth Amendment to proceed.

### *Deliberate indifference to serious medical needs*

The Eighth Amendment prohibits prisons officials from being deliberately indifferent to the serious medical needs of prisoners in their custody. *See Estelle v. Gamble*, 492 U.S. 97, 104

(1976). A prisoner who claims deliberate indifference to a serious medical need must satisfy two requirements. First, there is an objective requirement—that the prisoner's medical need was sufficiently serious (*i.e.*, that the prisoner suffered from an urgent medical condition involving a risk of death, degeneration, or extreme pain). *See Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Second, there is a subjective requirement: that the defendant have acted recklessly (*i.e.*, with an actual awareness of a substantial risk that serious harm to the prisoner would result from the defendant's action or non-action). *See Spavone*, 719 F.3d at 138. A *Bivens* claim for liability against a federal officer may be premised on a claim of deliberate indifference to a serious medical need. *See, e.g.*, *Thomas v. Ashcroft*, 470 F.3d 491 (2d Cir. 2006).

Rivera alleges that Tiernan and North knew that five days before the attack on him he had undergone cancer-related surgery on his left shoulder and upper chest. In view of the nature of the attack on Rivera involving these parts of his body, the complaint alleges enough facts to allow the claim for deliberate indifference to serious medical needs to proceed at this time.

### *Official capacity claims*

Rivera sues Tiernan and North not only in their individual capacities pursuant to *Bivens* but also in their official capacities. A claim for money damages against a federal official in his or her official capacity is subject to the defense of sovereign immunity and may be pursued, if at all, only in the name of the United States as defendant and in accordance with a waiver of sovereign immunity such as under the Federal Tort Claims Act. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). Rivera's official capacity claims against Tiernan and North are dismissed.

CONCLUSION

The case will proceed on the excessive force and deliberate indifference to serious medical needs claims against defendants Tiernan and North in their individual capacities.

The Court enters the following orders:

(1) **The Clerk shall** prepare a summons form and send an in-person service packet to the U.S. Marshal Service. The U.S. Marshal service is directed to effect in-person service on defendants Tiernan and North at their place of employment, FCI Danbury, 33½ Pembroke Road, Danbury, CT 06811. The Clerk also shall deliver three copies of the summons and complaint to the United States Attorney for the District of Connecticut, at any one of the three offices, send two copies of the summons and complaint by registered or certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, and send a copy of the summons and complaint by registered or certified mail to the Bureau of Prisons at 320 First Street, N.W., Washington, D.C. 20534.

(2) **The Clerk shall** send plaintiff a copy of this Order.

(3) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date of service of the summons. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(6) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all case numbers in the notification of change of address. Plaintiff should also notify the defendants or the attorney for the defendants of his new address.

**SO ORDERED** this 3rd day of January 2019 at New Haven, Connecticut.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge